PRISCILLA FORD, Petitioner, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR THE COUNTY OF WASHOE, THE HONORABLE JOHN W. BARRETT, a District Judge Thereof; LAKE'S CROSSING CENTER FOR THE MENTALLY DISORDERED OFFENDER; and, LOUIS RICHNAK, M.D., Medical Director, Respondents.

No. 13635

November 6, 1981                                          635 P.2d 578

---

[2]Present counsel did not represent appellant in proceedings below.

*William N. Dunseath,* Public Defender, and *Dennis E. Widdis,* Deputy Public Defender, Washoe County, for Petitioner.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Edward B. Horn,* Deputy District Attorney, Washoe County, for Respondents.

## OPINION

*Per Curiam:*

Petitioner is charged with 52 felony counts. On January 29, 1981, she was found to be incompetent to stand trial and was committed pursuant to NRS 178.425.[1] On April 29, 1981, petitioner was ordered to submit to treatment including the administration of drugs. Subsequently, on August 4, 1981, petitioner was found competent to stand trial and, in fact, the trial of the charges against petitioner is proceeding at this time. Apparently, petitioner has refused medication and on October 9, 1981, upon motion by the state, the court ordered compliance with the April 29, 1981, order which included submission to the administration of drugs, if medically indicated. The petitioner contends that the court acted in excess of its jurisdiction in issuing its order of October 9, 1981. We agree.

We do not now determine whether NRS 178.400 *et seq.,* which deals with inquiries into the sanity of defendants, provides authority for the use of forced medication on persons subject to its provisions. We do, however, hold that petitioner, having been determined to be competent to stand trial, is not subject to the detention and treatment provisions of NRS 178.425, and that she is not now committed, either as an

---

[1]NRS 178.425(1) provides, in part:

> If the court finds the defendant insane, the judge shall order the sheriff to convey him forthwith, . . . into the custody of the administrator of the mental hygiene and mental retardation division of the department of human resources for detention and psychiatric treatment at the Nevada state prison or at a facility operated by the mental hygiene and mental retardation division.

incompetent pretrial detainee or as a mentally ill person under the Nevada Mental Health and Mental Retardation Law, NRS 433.001 *et seq.* Thus, the trial court acted in excess of its jurisdiction in ordering compliance with the order of April 29, 1981, which was issued while the petitioner was adjudged to have been incompetent to stand trial.

Accordingly, a writ of mandamus shall issue forthwith directing the respondent court to vacate its order of October 9, 1981, which directed compliance with the April 29, 1981, order.

Writ granted. ▆▆▆▆▆▆▆